IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEZIGN LICENSING, LLC, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-22-1592 |
| L.T.D. COMMODITIES, LLC, | * | |
| POSHMARK, INC., and | | |
| BB BRAND HOLDINGS, LLC. | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pending before this Court is Defendant Poshmark, Inc.'s ("Poshmark") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(3) and 12(b)(6) ("Motion to Dismiss") (ECF No. 18). Specifically, Poshmark seeks to dismiss Plaintiff Jezign Licensing, LLC's ("Plaintiff" or "Jezign") patent infringement claims for improper venue and failure to state a claim. Jezign opposed the Motion to Dismiss in writing (ECF No. 30), and Poshmark replied (ECF No. 40). This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, Poshmark's Motion to Dismiss (ECF No. 18) is GRANTED, as venue is improper.[1]

## BACKGROUND

Plaintiff Jezign Licensing, LLC is a footwear company that specializes in the design and technology of illuminated footwear. (Am. Compl. ¶ 9, ECF No. 13.) Jez Marston filed Patent

---

[1] Because the Court's ruling on the propriety of venue is dispositive of the Motion to Dismiss, the Court does not consider Poshmark's arguments on failure to state a claim.

Application No. 29/717,103 on November 15, 2004, which was issued as US. Design Patent

No. D554,848 (the "'848 patent") on November 13, 2007. (Ex. A, ECF No. 1-1.) The '848

patent, entitled "illuminated shoe lower" was assigned to and owned by Jezign until its

expiration on November 13, 2021. (*Id.*; ECF No. 13 ¶ 1.)

On June 28, 2022, Jezign initiated the instant design patent infringement against

Defendants Bebe Holdings, Inc., L.T.D. Commodities, LLC ("L.T.D. Commodities"),[2] and

Poshmark based on their alleged willful infringement of the '848 patent. (Compl., ECF No. 1.)

On November 2, 2022, Jezign amended its Complaint to include Defendant BB Brand

Holdings, LLC ("Bebe"), terminating Bebe Holdings, Inc. as a party. (ECF No. 13.) In the

Amended Complaint, Jezign alleges "[u]pon information and belief, Defendants [L.T.D.

Commodities] and Poshmark sell[] Bebe shoes"—which allegedly infringe the '848 patent—

"via [their] online website[s]." (*Id.* ¶ 11.) With respect to Poshmark, Jezign states that

"Poshmark is a California corporation with a principal place of business in Redwood City,

California," (*id.* ¶ 5), but Plaintiff does not allege that Poshmark has a regular and established

place of business in Maryland. With respect to venue, Jezign states "[v]enue is proper in this

District pursuant to 28 U.S.C. [§] 1391(b)(2)." (*Id.* ¶ 8.)

On December 19, 2022, Poshmark filed the presently pending Motion to Dismiss,

(ECF No. 18), arguing that Jezign's Amended Complaint (ECF No. 13) is legally deficient for

---

[2] On January 27, 2023, L.T.D. Commodities moved this Court to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 37.) Before this Court could rule on that motion, L.T.D. Commodities filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay on April 27, 2023. (ECF No. 63.) On July 10, 2023, this Court held an off-the-record telephone conference with all parties. (ECF No. 71.) With the consent of counsel, this Court denied L.T.D. Commodities' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 37) without prejudice and subject to refiling, noting that the previously mentioned Suggestion of Bankruptcy automatically stayed this action against L.T.D. Commodities pending conclusion of the bankruptcy proceedings pursuant to 11. U.S.C. § 362(a). (ECF No. 71.)

improper venue and failure to state a claim under Rule 12(b)(6). In response, Jezign does not attempt to defend its venue allegations and instead "requests that its claims against Poshmark be severed from the claims against [L.T.D. Commodities and Bebe] and transferred to the United States District Court for the Northern District of California." (ECF No. 30.) In reply, Poshmark requests this Court dismiss this action as to Poshmark with prejudice, as "it is <u>not</u> 'in the interest of justice' to transfer this case because it was filed in the wrong venue as a result of counsel for the plaintiff failing to engage in even the most basic pre-suit diligence." (ECF No. 40 (quoting 28 U.S.C. § 1406(a).)

On July 18, 2023, counsel for Plaintiff wrote this Court indicating that "Jezign and BB Brand have settled the case pending final documentation and request a 30[-]day L[ocal] R[ule] 111 Settlement Order." (ECF No. 76.) On August 1, 2023, this Court issued a Local Rule 111 Settlement Order, stating that "[t]he Court has been advised by the parties that the above action has been settled, including all counterclaims, cross-claims and third-party claims." (ECF No. 77.) On August 29, 2023, counsel for Plaintiff filed correspondence, "inquir[ing] into the status of a decision on the motion to dismiss filed by Defendant Poshmark, Inc." (ECF No. 78.) As Plaintiff correctly notes, (*id.*), Poshmark's Motion to Dismiss (ECF No. 18) was not addressed in this Court's previous Order and remains ripe for review.

## STANDARD OF REVIEW

### I.    Motion to Dismiss Pursuant to Rule 12(b)(3)

Section 1406(a) of Title 28 of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

3

could have been brought." Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010) (citing *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 471 (D. Md. 2002)). Like a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Three M Enters. v. Tex. D.A.R. Enters.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 2005)).

Section 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

For purposes of the first prong of § 1400(b), a defendant resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. The second prong of § 1400(b) has two parts, requiring that alleged acts of infringement by the defendant occurred in the district and that the defendant has a "regular and established place of business" in the district.

## II.    Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule

12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are  constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Poshmark argues that Jezign's Amended Complaint is legally deficient for improper venue and failure to state a claim under Rule 12(b)(6). When confronted with a motion to

dismiss based on both the failure to state a claim and improper venue, this Court must first resolve the venue question. *Johnson v. Helicopter & Airplane Servs., Corp.*, 389 F. Supp. 509, 518 (D. Md. 1974) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)).

As a preliminary matter, and as Poshmark correctly notes in its Motion to Dismiss, (ECF No. 18-1 at 9), Jezign does not plead the correct standard for venue in a patent infringement case, as its Amended Complaint claims states that "[v]enue is proper in this District pursuant to 28 U.S.C. [§] 1391(b)(2)." (ECF No. 13 ¶ 8.) Section 1400(b) of Title 28 of the United States Code is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017).

Section 1400(b) provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of the first prong of § 1400(b), a defendant resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. The second prong of § 1400(b) has two parts, requiring that alleged acts of infringement by the defendant occurred in the district and that the defendant has a "regular and established place of business" in the district.

In its Motion to Dismiss, Poshmark alleges that Jezign has failed to satisfy either prong of § 1400(b). (*See generally* ECF No. 18-1 at 3–6.) Regarding the first prong of § 1400(b), Poshmark is incorporated in Delaware—not Maryland. (Decl. of Evan Ferl ¶ 2, ECF No. 18-2.) In its Amended Complaint, Jezign alleged that Poshmark was a "California corporation," (ECF No. 13 ¶ 5), but it does not contest that Poshmark is a Delaware

corporation in its response. (ECF No. 30.) Thus, venue is not proper under the first prong of § 1400(b).

Turning to the second prong of § 1400(b), Poshmark argues that it has not committed acts of infringement in the District of Maryland (the "District"), but even if it had, Jezign still fails the second prong of § 1400(b). In its Amended Complaint, Plaintiff merely alleges that Poshmark—and the two other named Defendants—"incurred the liability complained of herein in Maryland by virtue of sales to consumers through an interactive website." (ECF No. 13 ¶ 7.) Further therein, Jezign alleges that the named Defendants "sold, offered to sell, distributed and marketed shoes that infringe the ['848 patent] to end consumers and/or resellers with the intent that these parties will use, market, offer to sell and/or sell the products in the United States in a manner that infringes the ['848 patent]." (*Id.* ¶ 18.)

Still, the second part of the second prong of § 1400(b) requires that Poshmark have a "regular and established place of business" in this District. To satisfy the "regular and established place of business" requirement, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). As Plaintiffs correctly note, Jezign does not allege a single fact supporting a finding that Poshmark as a physical place of business in this District, let alone one that is regular and established. In its response, Jezign does not attempt to dispute this. As such, this Court finds that Jezign has not carried its burden of establishing that venue is proper in this District.

As noted above, Plaintiff does not attempt to defend its venue allegations but requests transfer to the district in which this action could have been brought. (ECF No. 30.) In reply,

Poshmark avers that transfer would not serve the interests of justice. (ECF No. 40.) Section 1406(a) of Title 28 of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), the Supreme Court explained that § 1406 was designed to "avoid[] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466. In other words, where a party makes an obvious error, transfer under § 1406 is inappropriate, *Nichols v. G. D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993), and a "district court acts within its discretion when it finds that the interest of justice is not served by allowing [such a] plaintiff . . . to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." *Id.* Here, Jezign relied on the wrong venue statute for patent litigation, and in its response to Poshmark's Motion to Dismiss, Jezign does not even attempt to meet its burden to show proper venue. Accordingly, the Court chooses to dismiss without prejudice the Amended Complaint with respect to Poshmark, rather than transfer this action to another court.

## CONCLUSION

For the reasons stated above, Defendant Poshmark, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(3) and 12(b)(6) (ECF No. 18) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE with respect to Defendant Poshmark, Inc.

A separate Order follows.

Dated: August 30, 2023

_Richard D. Bennett_

Richard D. Bennett
United States District Judge